IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| vs. | 8:22CR174 |
| CHRISTOPHER BENJAMIN BLANTON, | PLEA AGREEMENT |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Steven A. Russell, Acting United States Attorney and, Martin J. Conboy, IV, Assistant United States Attorney, and defendant, Christopher Benjamin Blanton, and Jeffrey L. Thomas, counsel for defendant, as follows:

I

## THE PLEA

A.  CHARGE(S) & RESTITUTION ALLEGATION(S).

Defendant agrees to plead guilty to Count I of the Indictment. Count I charges a violation of Title 18, United States Code, Section 2118(d).

B.  In exchange for the defendant's plea of guilty as indicated above, the United States agrees as follows:

1. The United States will move to dismiss Counts II through VIII at the time of sentencing.

2. The United States agrees that the defendant will not be federally prosecuted in the District of Nebraska for any drug trafficking crimes as disclosed by the discovery material delivered to the defendant's attorney as of the date this agreement is signed by all parties, other than as set forth in paragraph A, above. This agreement not to prosecute the defendant for specific crimes does not prevent any prosecuting authority from prosecuting the defendant for any other crime, or for any crime involving physical injury or death.

II

1

## NATURE OF THE OFFENSE

A. ELEMENTS EXPLAINED.

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1. Two or more persons reached an agreement or came to an understanding to:
   a. Enter, attempt to enter, or remain in;
   b. A business premises or property of a person registered with the Drug Enforcement Administration under 21 U.S.C § 822;
   c. That the defendant did so without authority and with the intent to steal any material or compound containing any quantity of a controlled substance; and
   d. That the replacement cost of the material or compound to the registrant was not less than $500 or that the defendant traveled in interstate or foreign commerce or used any facility in interstate or foreign commerce to facilitate the taking or attempt.
2. Defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; and
3. At the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding.

B. ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

1. From February 10 to February 11, 2021, there were at least 10 completed or attempted pharmacy burglaries in the District of Nebraska. A DEA led-task force reviewed Walmart videos for purchases of a distinctive sledgehammer that was used in the burglaries. From these videos, agents were able to identify two of the individuals involved and their vehicle that matched various videos taken from the burglarized pharmacies. The pharmacies are registered with the Drug Enforcement Administration under 21 U.S.C § 822. One of the individuals identified was Christopher Blanton. Furthermore, various search warrants were executed that established that the known cellular device for Blanton was present at the burglaries which occurred in Omaha, Fremont, and Springfield, Nebraska.

Below is a summary for the seven pharmacies, which Blanton was connected to, that suffered a loss:

Pharmacy: Medicine Man Pharmacy
Address: 15615 Pacific Street, Omaha, NE
Date and Time of Burglary: 02/10/2022 at approximately 0600 hours
Estimated Value of Loss: $4,925

Pharmacy: Kubat Pharmacy
Address: 4924 Center Street, Omaha, NE
Date and Time of Burglary: 02/10/2022 at approximately 0650 hours
Estimated Value of Loss: $6,808

Pharmacy: Kohll's Pharmacy
Address: 12741 Q Street, Omaha, NE
Date and Time of Burglary: 02/11/2022 at approximately 0306 hours
Estimated Value of Loss: $34

Pharmacy: A&A Drug
Address: 1612 N. Bell Street, Fremont, NE
Date and Time of Burglary: 02/11/2022 at approximately 0432 hours
Estimated Value of Loss: $112

Pharmacy: Elmwood Pharmacy
Address: 808 S. 52nd Street, Omaha, NE
Date and Time of Burglary: 02/11/2022 at approximately 0519 hours
Estimated Value of Loss: $418

Pharmacy: Springfield Drug
Address: 205 Main Street, Springfield, NE
Date and Time of Burglary: 02/11/2022 at approximately 0542 hours
Estimated Value of Loss: $60

Pharmacy: Kubat Pharmacy

Address: 4924 Center Street, Omaha, NE

Date and Time of Burglary: 02/12/2022 at approximately 0628 hours

Estimated Value of Loss: $12,560

## III
## PENALTIES

A.  COUNT I. Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

   1. A maximum 10 years in prison;
   2. A maximum $250,000 fine;
   3. A mandatory special assessment of $100 per count; and
   4. A term of supervised release of not more than 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.
   5. Possible ineligibility for certain Federal benefits.

B.  Restitution: Defendant agrees to the following regarding Restitution:

   1. The amount of restitution ordered by the Court shall include all relevant conduct, including, but not limited to, all charged and uncharged criminal conduct alleged in the Indictment, and not limited to the count(s) of conviction.

   2. Court imposed monetary penalties are due immediately and subject to immediate enforcement by the United States. 18 U.S.C. § 3613.

   3. Defendant shall pay restitution, estimated at this time, to be $24,917.00.

   4. Defendant shall pay a Special Assessment of $100 by submitting a satisfactory form of payment to the Clerk of the Court prior to appearing for the sentencing proceeding in this case.

   5. Restitution and Assessment payments shall be made payable to the U.S. District Court Clerk at: Clerk, United States District Court, Roman L. Hruska U.S. Courthouse, 111

South 18th Plaza, Suite 1152, Omaha, NE 68102-1322.

6. The District Court Clerk will subsequently disburse Defendant's restitution payments to the following victim(s) for losses in the following amounts:

| Victim | Victim Loss |
| --- | --- |
| Medicine Man Pharmacy | Specific amount to be determined, but is estimated to be $4,925.00 |
| Kubat Pharmacy | Specific amount to be determined, but is estimated to be $19,368.00 |
| Kohll's Pharmacy | Specific amount to be determined, but is estimated to be $34.00 |
| A&A Drug | Specific amount to be determined, but is estimated to be $112.00 |
| Elmwood Pharmacy | Specific amount to be determined, but is estimated to be $418.00 |
| Springfield Pharmacy | Specific amount to be determined, but is estimated to be $60.00 |

7. Any schedule for payment of restitution is merely a minimum payment obligation. Any payment schedule does not foreclose the United States from exercising all legal actions, remedies, and process available to enforce the restitution judgment, including but not limited to enrollment in the Treasury Offset Program (TOP) (see 26 U.S.C. § 6402(d); 31 U.S.C. §3720A; 31 U.S.C. § 3716) and garnishment of available funds, wages, or assets (see 18 U.S.C. §§3613, 3664(m)).

8. If incarcerated, Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a payment schedule.

9. Defendant will provide all of defendant's financial information to the United States and the Probation Officer, and agrees, if requested, to participate in a pre-sentencing debtor exam. Defendant will fully and truthfully disclose all assets and property in which Defendant has any interest, or over which Defendant exercises control directly or indirectly, including assets and property held by a spouse, nominee or other third party.

10. Defendant's disclosure obligations are ongoing, and are in force from the execution of this agreement until Defendant has satisfied the restitution order in full.

11. Within 14 days of the execution of this plea agreement, at the request of the Financial Litigation Program (FLP), a unit of the Office of the U.S. Attorney (USAO),

Defendant agrees to execute and submit: i) a completed financial disclosure statement; ii) copies of financial information that Defendant submitted to the U.S. Probation Office; and iii) a Tax Information Authorization form. 11

12. Defendant authorizes the USAO to obtain a credit report to assist the USAO in evaluating Defendant's ability to satisfy any financial obligations imposed as part of the sentence.

13. Defendant understands that compliance with USAO requests for financial information will be taken into account when the United States makes a recommendation to the Court regarding Defendant's acceptance of responsibility at sentencing. Defendant's failure to timely and accurately complete and sign the financial statement and any update thereto, may, in addition to any other penalty or remedy, indicate a failure to accept responsibility.

14. Defendant certifies that Defendant has not transferred assets or property for the purpose of (1) evading financial obligations created by this Agreement; (2) evading obligations that may be imposed by the Court; nor (3) hindering efforts of the USAO to enforce such financial obligations. Defendant promises that Defendant will make no such transfers in the future.

15. If the United States learns of any misrepresentation in the financial disclosure statement, or of any asset in which Defendant had an interest at the time of this plea agreement that is not disclosed in the financial disclosure statement, and in the event such misrepresentation or nondisclosure changes the estimated net worth of Defendant by ten thousand dollars ($10,000.00) or more, the United States may at its option: (1) choose to be relieved of its obligations under this plea agreement; or (2) let the plea agreement stand, enforce the full forfeiture, restitution, and fines imposed by any criminal or civil judgment, including enforcement of 100 percent of the value of any previously undisclosed asset. Defendant agrees not to contest enforcement against of such asset or property. If the United States opts to be relieved of its obligations under this plea agreement, Defendant's previously entered pleas of guilty shall remain in effect and cannot be withdrawn.

IV

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
## DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

V

## SENTENCING ISSUES

A. SENTENCING AGREEMENTS.

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree the defendant shall receive a sentence of 63 months. The sentence will include an Order of restitution as set forth in paragraph III. B. above. This negotiated agreement resolves all issues related to the case and is the appropriate disposition.

B. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report and may be disclosed to the court for purposes of sentencing.

VI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:

      (a) As provided in Section I above, (if this is a conditional guilty plea); and

      (b) A claim of ineffective assistance of counsel.

      (c) A right to file a motion under Section 3582(c)(1)(A);

1. the general right to file a compassionate release motion;
2. the right to file a second or successive such motion; or
3. the right to appeal the denial of a compassionate release.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

(a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

(b) The right to seek post-conviction relief based on ineffective assistance of counsel.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII

## BREACH OF AGREEMENT

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII
## SCOPE OF AGREEMENT

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the defendant signs the agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

F. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

## IX

## MODIFICATION OF AGREEMENT MUST BE IN WRITING

No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

## X

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

UNITED STATES OF AMERICA
STEVEN A. RUSSELL
Acting United States Attorney

_2/17/23_
Date

MARTIN J. CONBOY, IV
ASSISTANT U.S. ATTORNEY

_1-24-23_
Date

CHRISTOPHER BENJAMIN BLANTON
DEFENDANT

_1/31/2023_
Date

JEFFREY L. THOMAS
COUNSEL FOR DEFENDANT

10